# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| AURORA LOAN SERVICES, LLC, F/K/A AURORA LOAN SERVICES, INC., Plaintiff<br><br>v.<br><br>DREAM HOUSE MORTGAGE CORPORATION, Defendant | C.A. No. 07-00441-ML |

## FIRST AMENDED COMPLAINT

Plaintiff, Aurora Loan Services, LLC, f/k/a Aurora Loan Services, Inc. ("Aurora"), brings this action as a result of twenty one (21) separate breaches of a Loan Purchase Agreement by the Defendant Dream House Mortgage Corporation ("Dream House").

## PARTIES

1. Aurora is a Delaware limited liability company with a principal place of business at 10350 Park Meadows Drive, Littleton, CO 80124.

2. Dream House is a corporation organized under the laws of the State of Rhode Island with a principal place of business at 385 South Main Street, Providence, RI 02903.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this court under 28 U.S.C. § 1332(a) because this matter involves a dispute between citizens of different states and the amount in controversy is in excess of $75,000.

4. Venue is proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims hereunder occurred in this district.

**ALLEGATIONS**

5. Lehman Brothers Bank, FSB ("LBB") is a federal savings bank.

6. Lehman Brothers Holdings, Inc. ("LBHI") is LBB's parent company.

7. LBB and LBHI engage in the purchase and sale of mortgage loans.

8. Aurora is a wholly-owned subsidiary of LBB and the authorized agent and/or servicer of LBB and LBHI with respect to certain mortgage loans in which LBB and/or LBHI have an interest, including but not limited to the mortgage loans listed in Exhibit A.

9. Pursuant to the aforementioned agency and/or servicing relationships, Aurora is authorized and directed to enforce obligations owed to LBB and/or LBHI by parties selling mortgage loans in which LBB and/or LBHI have an interest, including but not limited to the selling party's repurchase and indemnity obligations.

10. On or about October 14, 2004, Dream House entered into a written Loan Purchase Agreement with LBB ("Purchase Agreement").

11. The Purchase Agreement specifically incorporates the terms and conditions of the Aurora Seller's Guide ("Seller's Guide"), which sets forth additional duties and obligations of Dream House.

12. Dream House sold a number of mortgage loans to LBB under the Purchase Agreement and Seller's Guide, including those included in the attached Exhibit A (collectively referred to as the "Mortgage Loans").

13. Pursuant to the Purchase Agreement and Seller's Guide, and as a condition of loan purchase, Dream House expressly agreed to various specific continuing contractual obligations concerning the business relationship between the parties and the mortgage loans submitted by Dream House for purchase.

14. Pursuant to the Purchase Agreement and Seller's Guide, Dream House

represented and warranted that all underlying loan documentation and information for the Mortgage Loans ("Mortgage Loan File") was accurate, complete, not falsified and did not contain any untrue statement of fact or omission of fact necessary to make any statement therein not misleading.

15. Pursuant to the Purchase Agreement and Seller's Guide, Dream House represented and warranted that the Mortgage Loans complied with all loan program parameters and underwriting guidelines.

16. Pursuant to the Purchase Agreement and Seller's Guide, Dream House represented and warranted that the appraised values of the properties securing the Mortgage Loans were materially accurate.

17. Pursuant to the Purchase Agreement and Seller's Guide, Dream House also expressly agreed to repurchase loans where the borrower failed to make the first or second monthly payment within thirty days after such payment was due ("Early Payment Default").

18. After the Mortgage Loans were purchased, Aurora discovered certain breaches of the representations and warranties made by Dream House under the Purchase Agreement and Seller's Guide.

19. After the Mortgage Loans were purchased, Aurora discovered that the Mortgage Loan File documentation provided by Dream House to Plaintiff concerning loans number 0040569998, 0033369000, and 0033369547 contained misrepresented, incorrect and/or inaccurate information regarding the value of the collateral securing the Mortgage Loan, thereby constituting a breach of the Purchase Agreement and Seller's Guide.

20. After the Mortgage Loans were purchased, Aurora discovered that the Mortgage Loan File documentation provided by Dream House to Plaintiff concerning loans number 0033038712 and 0033038647 contained misrepresented, incorrect and/or inaccurate

information regarding the amount of debt held by a borrower and the relationship between said borrower and the relevant seller of the subject property, thereby constituting a breach of the Purchase Agreement and Seller's Guide.

21. After the Mortgage Loans were purchased, Aurora discovered that the Mortgage Loan File documentation provided by Dream House to Plaintiff concerning loan number 0040168999 contained misrepresented, incorrect and/or inaccurate information regarding the title to the subject property, thereby constituting a breach of the Purchase Agreement and Seller's Guide.

22. After the Mortgage Loans were purchased, the remaining fifteen (15) mortgage loans went into Early Payment Default.

23. Aurora provided written notice to Dream House of each of these breaches.

24. Dream House has refused or otherwise failed to repurchase the Mortgage Loans as required by the Purchase Agreement and Seller's Guide.

25. The Mortgage Loans further went into default due to non-payment.

26. To mitigate losses, Aurora has proceeded with foreclosure and liquidation of three of the properties securing the respective defaulted Mortgage Loans, specifically, 2642 Riverside Dr., Myrtle Beach, SC 29579, 8300 Mount Logan Court, Las Vegas, NV 89131, and 2155 Cascade Road, Atlanta, GA 30311.

27. Pursuant to the Purchase Agreement and Seller's Guide, Dream House also expressly agreed to indemnify the purchaser for all losses sustained as a result of the breach of any obligation, representation or warranty of Dream House concerning the Mortgage Loans.

## COUNT I
## Breach of Contract

28. Aurora repeats and realleges paragraphs 1 through 27 as if each were fully set forth herein.

29. The Purchase Agreement, with the terms of the Seller's Guide incorporated therein, is a valid and enforceable contract.

30. As set forth in detail herein, Dream House has breached the Purchase Agreement by, among other things, providing inaccurate documentation.

31. Dream House has further breached the Purchase Agreement by, among other things, willfully refusing or otherwise failing to repurchase the Mortgage Loans or meet its indemnity obligations relating to the Mortgage Loans.

32. Aurora and LBB have substantially performed their obligations under the Purchase Agreement.

33. As a result of Dream House's various breaches, Aurora has been damaged and continues to be damaged in an amount sufficient to confer jurisdiction upon this Court.

34. Due to the unique nature of Dream House's repurchase obligations and the real property underlying and securing the Mortgage Loans, as well as the inadequacy of an appropriate remedy at law, Aurora is entitled to specific performance by Dream House of its repurchase obligations.

35. Pursuant to the Purchase Agreement, with the terms of the Seller's Guide incorporated therein, Aurora is further entitled to an award of its reasonable attorneys' fees and costs incurred in connection with enforcing its rights thereunder.

WHEREFORE Aurora demands judgment against Dream House for all damages incurred arising from or related to Dream House's breach of contract, with interest accruing thereon; specific performance by Dream House of its contractual obligations under the Purchase Agreement; plus additional costs and expenses, including reasonable attorney's fees incurred in this action and for such other relief as this Court deems just and proper.

## COUNT II

**Unjust Enrichment**

36. Aurora repeats and realleges paragraphs 1 through 35 as if each were fully set forth herein.

37. A benefit was conferred upon Dream House by Aurora.

38. At the time of conferring said benefit, Aurora had the reasonable expectation of receiving the full value thereof.

39. Dream House has appreciated and continues to appreciate this benefit.

40. Dream House's acceptance, appreciation, and use of this benefit without paying the value thereof is inequitable and unjust.

WHEREFORE Aurora demands judgment against Dream House for all damages incurred arising from or related to Dream House's unjust enrichment, with interest accruing thereon, plus additional costs and expenses, including reasonable attorney's fees incurred in this action and for such other relief as this Court deems just and proper.

**COUNT III**
**Indemnity**

41. Aurora repeats and realleges paragraphs 1 through 40 as if each were fully set forth herein.

42. Pursuant to the Purchase Agreement, with the terms of the Seller's Guide incorporated therein, Dream House expressly agreed to indemnify the purchaser for all losses sustained as a result of the breach of any obligation, representation or warranty of Dream House concerning the Mortgage Loans.

43. Dream House has breached the indemnity provisions of the Purchase Agreement by willfully refusing or otherwise failing to meet its indemnity obligations relating to the Mortgage Loans.

44. Aurora has incurred losses and expenses and expects to incur additional

losses and expenses in connection with the liquidation and/or foreclosure of Mortgage Loans.

WHEREFORE, Aurora demands judgment against Dream House for all damages incurred arising from or related to Dream House's breach of its indemnity obligations, with interest accruing thereon, plus additional costs and expenses, including reasonable attorney's fees incurred in this action and for such other relief as this Court deems just and proper.

AURORA LOAN SERVICES, LLC, F/K/A
AURORA LOAN SERVICES, INC.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Thomas J. Enright ___________________

Thomas J. Enright (#7356)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: December 28, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing First Amended Complaint was mailed, postage prepaid, on this 28thday of December, 2007 to:

| | |
|---|---|
| Jonathan N. Savage, Esq.<br>Agent for Service for Defendant Dream House Mortgage Corporation<br>1080 Main Street<br>Pawtucket, RI 02860 | Randall L. Souza, Esq.<br>Shechtman Halpern Savage, LLP<br>1080 Main Street<br>Pawtucket, RI 02860 |

/s/ Thomas J. Eright___________________



2056:101\957188.1