**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

AURORA LOAN SERVICES, LLC, f/k/a )
AURORA LOAN SERVICES, INC., )
Plaintiff )
)
v. ) C.A. No.: 07-441-ML
)
DREAM HOUSE MORTGAGE )
CORPORATION, )
Defendant. )

**DEFENDANT DREAM HOUSE MORTGAGE CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

In accordance with F.R.C.P. 8 and 12, the Defendant, Dream House Mortgage Corp., ("DHMC" and/or "Defendant"), hereby responds to the First Amended Complaint ("Complaint") of the Plaintiff, Aurora Loan Services, LLC f/k/a Aurora Loan Services, Inc. ("Aurora Loan" and/or "Plaintiff"), as follows:

**PARTIES**

1. DHMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 1 of the Plaintiff's Complaint, and leaves the Plaintiff to its proof of same.

2. DHMC admits that it is a Rhode Island corporation; DHMC denies that its principal place of business is located in Providence, Rhode Island.

**JURISDICTION AND VENUE**

3. Paragraph 3 of the Plaintiff's Complaint contains legal conclusions to which no response is required.

4. Paragraph 4 of the Plaintiff's Complaint contains legal conclusions to which no response is required.

**ALLEGATIONS**

5. DHMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 5 of the Plaintiff's Complaint, and leaves the Plaintiff to its proof of same.

6. DHMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 6 of the Plaintiff's Complaint, and leaves the Plaintiff to its proof of same.

7. DHMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 7 of the Plaintiff's Complaint, and leaves the Plaintiff to its proof of same.

8. DHMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 8 of the Plaintiff's Complaint, and leaves the Plaintiff to its proof of same.

9. DHMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of the Plaintiff's Complaint, and leaves the Plaintiff to its proof of same.

10. Admitted.

11. No response is necessary to Paragraph 11 of the Plaintiff's Complaint, as the allegations contained in this paragraph reference a written document, the terms of which speak for themselves. Also, the Plaintiff sets forth legal conclusions and characterizations of the terms of the written document, to which no response is required.

12. DHMC admits only that it has, from time to time, sold mortgage loans to the Plaintiff. DHMC denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. No response is necessary to Paragraph 13 of the Plaintiff's Complaint, as the allegations contained in this paragraph reference a written document, the terms of which speak for themselves. Also, the Plaintiff sets forth legal conclusions and characterizations of the terms of the written document, to which no response is required.

14. No response is necessary to Paragraph 14 of the Plaintiff's Complaint, as the allegations contained in this paragraph reference a written document, the terms of which speak for themselves. Also, the Plaintiff sets forth legal conclusions and characterizations of the terms of the written document, to which no response is required.

15. No response is necessary to Paragraph 15 of the Plaintiff's Complaint, as the allegations contained in this paragraph reference a written document, the terms of which speak for themselves. Also, the Plaintiff sets forth legal conclusions and characterizations of the terms of the written document, to which no response is required.

16. No response is necessary to Paragraph 16 of the Plaintiff's Complaint, as the allegations contained in this paragraph reference a written document, the terms of which speak for themselves. Also, the Plaintiff sets forth legal conclusions and characterizations of the terms of the written document, to which no response is required.

17. No response is necessary to Paragraph 17 of the Plaintiff's Complaint, as the allegations contained in this paragraph reference a written document, the terms of which speak for themselves. Also, the Plaintiff sets forth legal conclusions and characterizations of the terms of the written document, to which no response is required.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. DHMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 22 of the Plaintiff's Complaint, and leaves the Plaintiff to its proof of same.

23. Denied.

24. Denied. Answering further, DHMC specifically denies that it has any responsibility to repurchase, or otherwise remunerate the Plaintiff for, any of the loans listed on Exhibit A to the Plaintiff's Complaint.

25. DHMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 25 of the Plaintiff's Complaint, and leaves the Plaintiff to its proof of same.

26. DHMC is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 26 of the Plaintiff's Complaint, and leaves the Plaintiff to its proof of same. Answering further, DHMC specifically denies that it has any responsibility to repurchase, or otherwise remunerate the Plaintiff for, any of the loans listed on Exhibit A to the Plaintiff's Complaint.

27. No response is necessary to Paragraph 27 of the Plaintiff's Complaint, as the allegations contained in this paragraph reference a written document, the terms of which speak for themselves. Also, the Plaintiff sets forth legal conclusions and characterizations of the terms

of the written document, to which no response is required. To the extent a response may be required, the allegations contained in Paragraph 27 are denied.

**COUNT I**
**Breach of Contract**

28. DHMC repeats and restates its responses to Paragraphs 1 through 27 of Plaintiff's Complaint, as if each were expressly set forth herein.

29. Paragraph 29 of the Plaintiff's Complaint contains legal conclusions to which no response is required.

30. Denied.

31. Denied. Answering further, DHMC specifically denies that it has any responsibility to repurchase, or otherwise remunerate the Plaintiff for, any of the loans listed on Exhibit A to the Plaintiff's Complaint.

32. Denied.

33. Denied.

34. Denied. Answering further, DHMC specifically denies that it has any responsibility to repurchase, or otherwise remunerate the Plaintiff for, any of the loans listed on Exhibit A to the Plaintiff's Complaint.

35. Denied.

WHEREFORE, DHMC requests that this Court enter final judgment in its favor and against the Plaintiff on Count I of the Plaintiff's Complaint, and award DHMC its costs of defense and such other and further relief as this Court deems just and appropriate.

**COUNT II**
**Unjust Enrichment**

36. DHMC repeats and restates its responses to Paragraphs 1 through 35 of Plaintiff's Complaint, as if each were expressly set forth herein.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

WHEREFORE, DHMC requests that this Court enter final judgment in its favor and against the Plaintiff on Count II of the Plaintiff's Complaint, and award DHMC its costs of defense and such other and further relief as this Court deems just and appropriate.

**COUNT III**
**Indemnity**

41. DHMC repeats and restates its responses to Paragraphs 1 through 40 of Plaintiff's Complaint, as if each were expressly set forth herein.

42. Denied.

43. Denied.

44. Denied.

WHEREFORE, DHMC requests that this Court enter final judgment in its favor and against the Plaintiff on Count III of the Plaintiff's Complaint, and award DHMC its costs of defense and such other and further relief as this Court deems just and appropriate.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, because the Defendant has no responsibility to repurchase, or otherwise remunerate the Plaintiff whatsoever for, any of the loans listed on Exhibit A to the Plaintiff's Complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff, by its conduct, has waived any claims against the Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff, by its conduct and actions, is estopped from recovering in this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff, by its conduct and actions, has modified its agreements and contracts with the Defendant and is barred from recovering in this action.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff is not qualified to do business in the State of Rhode Island, and as such, cannot maintain this action pursuant to R.I. Gen. Laws § 7-1.2-1418(a).

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to properly mitigate its damages.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant states that, if the Plaintiff is entitled to recover damages as alleged in its Complaint, such damages were caused by someone or by some entity for whose conduct the Defendant was not and is not legally responsible.

EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part by the failure of a condition precedent.

NINTH AFFIRMATIVE DEFENSE

The Plaintiff breached the terms and conditions of the agreements and/or contracts alleged in the Plaintiff's Complaint, and therefore the Plaintiff is precluded from any recovery from the Defendant.

TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred in whole or in part by an accord and satisfaction.

ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery because, to the extent that there were any breaches of the representations and/or warranties of the contracts and agreements at issue, which the Defendant expressly denies, then such breaches were not a material cause of any loan delinquency or default.

TWELFTH AFFIRMATIVE DEFENSE

The Defendant reserves the right to amend its affirmative defenses and to assert additional defenses, as discovery proceeds in this matter and as additional facts come to light.

DREAM HOUSE MORTGAGE CORPORATION
By its attorneys,

/s/ Rajaram Suryanarayan

Rajaram Suryanarayan, Esq. (#4451)
GUNNING & LAFAZIA, INC.
56 Pine Street – 7th Floor
Providence, Rhode Island 02903
Telephone: (401)521-6900
Facsimile: (401)521-6901
Direct Dial: (401)521-2647

January 25, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of January 2008, I caused a true and accurate copy of the within Defendant's Answer to Plaintiff's First Amended Complaint to be served via electronic mail to:

Thomas J. Enright, Esq.
Partridge Snow & Hahn, LLP
180 South Main Street
Providence, RI 02903

/s/ Rajaram Suryanarayan