UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AURORA LOAN SERVICES, LCC, F/K/A
AURORA LOAN SERVICES INC. and
LEHMAN BROTHERS HOLDINGS, INC.,
    Plaintiffs,

v.                                            C.A. No. 07-00441-ML

DREAM HOUSE MORTGAGE
CORPORATION,
    Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Dream House Mortgage Corporation's ("Defendant") Motion to Dismiss the Second Amended Complaint for Lack of Subject Matter Jurisdiction (Docket # 35) and Plaintiffs' Motion to Drop Aurora Loan Services, LLC, F/K/A Aurora Loan Services, Inc. ("Aurora") as a Plaintiff and to Amend to Drop Claims as to Two Loans. (Docket # 39) For the reasons set forth below, Defendant's Motion to Dismiss is DENIED; Plaintiffs' Motion to Drop Aurora as a Plaintiff is GRANTED; and Plaintiffs' Motion to Amend to Drop Claims as to Two Loans is DENIED.

### I. OVERVIEW

On December 3, 2007, Aurora filed its original Complaint against Defendant. Then, on December 28, 2007, Aurora filed its First Amended Complaint against Defendant; the amendment added claims relating to two more loans. Finally, on May 19, 2009, Aurora filed a Second Amended Complaint, this time adding Lehman Brothers Holdings, Inc. ("LBHI") as a plaintiff. The Second Amended Complaint alleges three Counts – Breach of Contract (Count I), Unjust Enrichment (Count II), and Indemnity (Count III).

Plaintiffs invoke diversity jurisdiction under 28 U.S.C. § 1332(a). Compl. ¶ 4. Defendant is a corporation organized under the laws of the state of Rhode Island with its principle place of business in Providence, Rhode Island. Compl. ¶ 3. Aurora is a Delaware limited liability company with a principal place of business in Littelton, Colorado. Id. ¶ 1. Aurora is a wholly-owned subsidiary and authorized agent of Lehman Brothers Bank, ("LBB") a federal savings bank. Id. ¶¶ 6, 9. LBHI, a Delaware corporation with its principle place of business in New York, is the parent company of LBB. Id. ¶¶ 2, 7.

## II. ANALYSIS

Defendant has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, alleging that Aurora's citizenship defeats federal diversity jurisdiction under 28 U.S.C. § 1332(a). In response, Plaintiffs have filed a Motion to Drop Aurora as a Plaintiff. The court must first decide whether it may drop Aurora as a plaintiff under Federal Rule of Civil Procedure 21. If Aurora is deemed an indispensable party that may not be properly dropped, the Court must then determine whether complete diversity is defeated. Finally, the court must determine whether to allow Plaintiffs to amend the Second Amended Complaint to drop their claims as to two loans, pursuant to Federal Rule of Civil Procedure 15.

A.   Plaintiffs' Motion to Drop Aurora as a Plaintiff

Plaintiffs have filed a Motion to Drop Aurora as a Plaintiff pursuant to Federal Rule of Civil Procedure 21. It is clear to the Court that Plaintiffs seek to drop Aurora as a plaintiff to dodge Defendant's Motion to Dismiss, as Aurora's presence in this suit may defeat diversity jurisdiction. Similarly, it is clear that Defendant opposes Plaintiffs' Motion to Drop in hopes that

the Second Amended Complaint will be dismissed for lack of subject matter jurisdiction.

It is well settled that district courts have the authority "to dismiss dispensable, nondiverse parties to cure defects in diversity jurisdiction." Casas Office Machs. v. Mita Copystar Am., 42 F.3d 668, 675 (1st Cir. 1994) (citing Newman-Green Inc. v. Alfonzo-Larrain, 490 U.S. 826, 932-38 (1989)). Federal Rule of Civil Procedure 21 provides – "On motion or on its own, the court may at any time, on just terms, add or drop a party." This rule invests the Court "with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." Newman-Green, Inc., 490 U.S. at 832. The Court must carefully consider, however, "whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation." Casas Office Machs., 42 F.3d at 677.

The threshold question to be addressed is whether Aurora is an indispensable party pursuant to Federal Rules of Civil Procedure 19(b) and 21. Federal Rule of Civil Procedure 19(b) sets forth criteria for the Court to consider in determining whether a party is indispensable–

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Plaintiffs argue that Aurora is dispensable because it "only has a place in this case as LBHI's agent, and now that LBHI is a party, Aurora has no role to play." Plaintiffs' Mem. In Support of Motion to Drop, at 3. Defendant, however, argues that Aurora is an indispensable party because Aurora has been "the only named plaintiff since the inception of this case two years ago up until only just recently (May 2009) when LBHI was added." Defendant's Mem. In

3

Opp. To Plaintiffs' Motion to Drop, at 4.

The Court must determine what effect, if any, dropping Aurora as a plaintiff would have on the parties. Both parties agree that Aurora is a wholly-owned subsidiary and authorized agent of LBB. Compl. ¶ 9. LBHI is the parent company of LBB. Id. ¶ 7. As such, Aurora was only serving as an agent for LBHI. Thus, dropping Aurora as a party will have no prejudicial effect on the remaining parties, nor the judgment rendered. The Court therefore concludes that Aurora is a dispensable party that may be dismissed without unfair prejudice to Defendant, pursuant to Fed. R. Civ. P. 19(b). Plaintiffs' Motion to Drop Aurora as a Plaintiff is therefore granted.

B.   Defendant's Motion to Dismiss

It is "hornbook law that federal courts have limited jurisdiction." Vill. W. Assocs. v. R.I. Hous. & Mortg. Fin. Corp., 618 F. Supp.2d 134, 137 (D.R.I. 2009) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)). Subject matter jurisdiction cannot be "forfeited or waived" and can be raised by any party, or the Court, at any time. United States v. Cotton, 535 U.S. 625, 630 (2002).

In this case, the only colorable basis for federal jurisdiction is diversity under 28 U.S.C. § 1332(a). To establish subject matter jurisdiction under Section 1332(a), Plaintiffs must show complete diversity of citizenship between the adverse parties and that the amount in controversy exceeds $75,000. Complete diversity exists when "no plaintiff is a citizen of the same state as any defendant." Gabriel v. Preble, 396 F. 3d 10, 13 (1st Cir. 2005) (citing Strawbridge v. Curtiss, 7 U.S. 267, 267 (1806)). Citizenship is determined by the parties' status at the lawsuit's filing. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004).

A corporation is "deemed to be a citizen" of "any State by which it has been

incorporated" and "of the state where it has its principal place of business." Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 306 (2006). Defendant is a corporation organized under the laws of Rhode Island, with its principle place of business in Providence, Rhode Island. Compl. ¶ 3. Defendant is, therefore, a citizen of the State of Rhode Island. LBHI is a Delaware corporation with its principle place of business in New York. Id. ¶ 2. LBHI is, therefore, a citizen of Delaware and New York.

Plaintiffs additionally satisfied the amount in controversy requirement by alleging an amount in controversy in excess of $75,000. Id. ¶ 4. By establishing complete diversity and the amount in controversy requirements, Plaintiffs have established § 1332(a) diversity jurisdiction. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is therefore denied.

C.  Plaintiffs' Motion to Amend to Drop Claims as to Two Loans

Plaintiffs request that they be allowed to amend the Second Amended Complaint, pursuant to Fed. R. Civ. P. 15, by dropping claims relating to two loans from their complaint – loan ****8999 and loan ****9998. Plaintiffs request that dismissal of those claims be without prejudice. Fed. R. Civ. P. 15(a)(2) permits amendment of a pleading "only with the opposing party's written consent or the court's leave." The rule further provides that "[t]he court should freely give leave when justice so requires." Here, not only has Defendant not provided written consent, but Defendant has objected to Plaintiffs' Motion.

Under Fed. R. Civ. P. 15, Plaintiffs' Motion may only be granted if the Court grants leave to do so because "justice so requires." A motion for leave to amend should be granted unless there is "undue delay, bad faith, dilatory motive, futility of amendment, [or] prejudice." Mirpuri v. ACT Mfg., 212 F.3d 624, 628 (1st Cir. 2000) (quoting Glassman v. Computervision

Corp., 90 F. 3d 617, 622 (1st Cir. 1996)).

This Court is not inclined to grant such leave in this case. To grant Plaintiffs' request would be unfairly prejudicial to Defendant. Defendant has invested considerable time and resources in lengthy discovery and defending itself against all of Plaintiffs' claims, including those that relate to loans ****8999 and ****9998. To permit Plaintiffs to withdraw the two claims at this point in the litigation without prejudice would be unfair to Defendant. Accordingly, Plaintiffs' Motion to Amend to Drop Claims as to Two Loans is denied.[1]

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Drop Aurora as Plaintiff is GRANTED; Defendant's Motion to Dismiss is DENIED; and Plaintiffs' Motion to Amend to Drop Claims as to Two Loans is DENIED.

SO ORDERED.

Mary M. Lisi
Chief United States District Judge
December 17, 2009

---

[1] If Plaintiffs were to move to dismiss these claims with prejudice, the Court would, of course, grant that motion.